# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

**RIDGE BENEFIELD, on behalf of itself and all others similarly situated**

    **Plaintiff,**

**v.**

**THE CITY OF FAIRHOPE, ALABAMA, a Municipal Corporation,**

    **Defendant.**

Case No.: 25-cv-0009

Formerly Baldwin County Circuit Court
Case No: CV-2024-901732.00

## NOTICE OF REMOVAL

To:    John Parker Yates
        Kristopher O. Anderson
        Robert S. Walker
        YATES ANDERSON
        4851 Wharf Parkway, Ste D-230
        Orange Beach, AL 36561

        Grant Blackburn
        BLACKBURN & CONNER, P.C.
        P.O. Box 458
        Bay Minette, AL 36507

        Circuit Clerk of Baldwin County, Alabama
        312 Courthouse Square, Suite 10
        Bay Minette, AL 36507

        J. Thomas Pilcher, IV
        PILCHER & GRISSOM, LLC
        201 East Second Street
        Bay Minette, AL 36507

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Rule 81(c) of the *Federal Rules of Civil Procedure*, and S.D. Ala. Civil LR 8, Defendant the City of Fairhope, Alabama, (hereinafter, "Defendant") hereby gives notice of removal of this case from the Circuit Court of Baldwin County, Alabama to this Honorable Court, and as grounds therefore states the following:

1.      Plaintiff Ridge Benefield (hereafter "Benefield") filed this lawsuit on December 3, 2024, in the Circuit Court of Baldwin County, Alabama.  Plaintiff named the City of Fairhope as Defendant in this case.  (*See* Complaint, ¶2).

2.      The Clerk for the City of Fairhope received a copy of the Summons and the Complaint on December 9, 2024.  All process, pleadings and orders in this matter are attached hereto as Exhibit A.  This Notice of Removal is timely because it has been filed within thirty days of service of the Summons and the Complaint on Defendant the City of Fairhope.  *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-54 (1999).

3.      All Defendants who have been properly joined and served join in and consent to the removal of the action.  *See* 28 U.S.C. § 1446(b).

4.      Pursuant to 28 U.S.C. §1446(d), Defendant served a copy of this Notice on Plaintiff and is filing a copy of this Notice with the Clerk of the Baldwin County Circuit Court.

5.      This removal is made with the removing Defendants reserving all rights to assert and plead any and all defenses to the claim including but not limited to waiver, failure to exhaust, improper forum selection and choice of law, improper joinder of parties and any other defenses specifically enumerated in Rule 12(b) of the *Federal Rules of Civil Procedure*.

## FEDERAL QUESTION JURISDICTION

6.       Defendant removes this action pursuant to 28 U.S.C. § 1441(a), which states, in pertinent part that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

7.      Removal is proper to the Southern District of Alabama because it is the district court of the United States for the district and division embracing Baldwin County, where the action is currently pending. *See id.*

8.      This removal is based on federal question jurisdiction.  *See* 28 U.S.C. § 1331.

9.      To confer federal question jurisdiction, the civil action must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Whether a claim 'arises under' a federal law 'is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's . . . complaint.'"  *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)).

10.      Federal question jurisdiction exists where "federal law creates the cause of action or [where] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27-28 (1983).  Here, Plaintiff's complaint invokes federal law.  Plaintiff's Complaint alleges that Defendant's method of assessment and collection of impact fees on new developments and substantial improvements within the city limits violated the *United States Constitution*.  (*See* Complaint, at Counts I, II and III).  Specifically, Plaintiff alleges that said impact fees are an unconstitutional condition and therefore constitute an impermissible taking in violation of the Fifth Amendment to the United States Constitution and have resulted in unlawful discrimination in violation of the Fourteenth Amendment's Equal Protection Clause.  "This is an obvious basis for federal question jurisdiction." *Northfield, LLC v. Utilities Bd. of City of Bayou La Batre, Ala.*, Civil Action No. 09-0575-WS-M, 2009 WL 3784338, at *1 (S.D. Ala. Nov. 9, 2009) (plaintiff's allegation that the City of Bayou La Batre's sewer impact fees violated the Fifth and Fourteenth

3

Amendments gave "rise to federal question jurisdiction, as a matter of fundamental, black-letter law"); *Riggs v. Brooks*, CIVIL ACTION NO. 17-0469-CG-MU, 2018 WL 3800037, at *3 (S.D. Ala. Apr. 11, 2018), report and recommendation adopted, CIVIL ACTION NO. 17-469-CG-MU, 2018 WL 3795258 (S.D. Ala. Aug. 9, 2018) ("Allegations of constitutional violations provide a basis for federal-question jurisdiction over a complaint."). While Defendant denies that any such violations occurred and that Plaintiff is entitled to any relief, the allegations in the Complaint are sufficient to establish federal question jurisdiction in this case.

11.    A substantial question of federal law is also squarely at issue in this lawsuit because the lawsuit will turn on the resolution of rights secured by the *United States Constitution*, which may be actionable under 42 U.S.C. § 1983 ("Section 1983"). Admittedly, there is no specific citation in the Complaint to Section 1983. However, there is an invocation of rights secured by the *United States Constitution*, and the United States Supreme Court has held that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 22.

12.    While lacking specific citations to Section 1983, the Complaint does nothing to distance itself from this authority. In the Complaint, Plaintiff does not aver that the claims in this lawsuit are being made pursuant only to state law or that they are *not* being made pursuant to Section 1983, which Plaintiff could have done. *See Hill*, 364 F. 3d at 1314 ("[T]he plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available.") (citations and quotations omitted). In fact, Plaintiff explicitly seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988, which "may allow the prevailing party . . . reasonable attorney's fee as part of the costs" in any § 1983 action or proceeding. 42

4

U.S.C. § 1988; (*see* Complaint *ad damnum* clauses, pages 7-16). Therefore, Plaintiff is clearly invoking a Section 1983 right of action to remedy an alleged violation of federal law in this case.

13.    Moreover, a substantial question of federal law exists here because of the importance of the federal interest at stake. *See Wynn ex rel. Alabama v. Philip Morris, Inc.*, 51 F. Supp. 2d 1232, 1243-45 (N.D. Ala. 1999); *Jenkins v. DeKalb Cty., Georgia*, 242 F.R.D. 652, 658 (N.D. Ga. 2007) ("Section 1983's status as a legislative effort to enforce the Fourteenth Amendment provides an objective basis for finding that an 'important federal interest' is at stake."); *Town of Newton v. Rumery*, 480 U.S. 386, 418 (1987) (Stevens, j, dissenting) ( "[t]he very existence of [Section 1983] identifies the *important federal interests* in providing a remedy for the violation of constitutional rights . . . .") (emphasis added).

## SUPPLEMENTAL JURISDICTION

14.    Plaintiff's Complaint also includes several claims under state law. Specifically, Plaintiff alleges that Defendant violated Section 223 of the *Alabama Constitution*, Alabama Legislative Act No. 2006-300, Ala. Code § 45-2-243.80, and the City of Fairhope Ordinance 1625. (*See,* Complaint at Counts IV, V, and VI). However, "[Plaintiff's] federal causes of action are not 'separate and independent' from its state-law claims, inasmuch as both sets of claims flow from a singular occurrence (*i.e.,* the levy of [development] impact fees on plaintiff)." *Northfield, LLC,* 2009 WL 3784338, at *2. Therefore, to the extent that any particular claim against any party may be found not to be within the Court's original jurisdiction, this Court has supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367 because any such claim would be so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the *United States Constitution*.

15.     The claims in this case do not raise a novel or complex issue of State law.  *See* 28 U.S.C. § 1367(c)(1).

16.     The State law claims in this case do not substantially predominate over the claims over which this Court has original jurisdiction.  *See* 28 U.S.C. § 1367(c)(2).

17.     Of course, at this stage of the proceedings, this Court has not dismissed all claims over which it has original jurisdiction.  *See* 28 U.S.C. § 1367(c)(3).

18.     There are no exceptional circumstances or compelling reasons for declining jurisdiction.  *See* 28 U.S.C. § 1367(c)(4).

## CONCLUSION

19.     Pursuant to Rule 11 of the *Federal Rules of Civil Procedure* undersigned counsel certifies that he has read the foregoing notice of removal and that, to the best of his knowledge, understanding, information and belief, formed after reasonable inquiry, this notice of removal is well grounded in fact and is warranted by existing law and it is not interposed for any improper purpose.

20.     For the reasons stated herein, this Court has original jurisdiction over the claims against the Defendant in this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over any related State law claims pursuant to 28 U.S.C. 1367(a).  Thus, the Defendant respectfully requests that this Court assume jurisdiction *in toto* over the claims against them in this case.

Respectfully submitted,

*/s/ Christopher S. Williams*
CHRISTOPHER S. WILLIAMS
W. BRADLEY SMITH
EMILY B. VAN HANEGHAN
*Attorneys for Defendant City of Fairhope, Alabama*

**OF COUNSEL**:
HAND ARENDALL HARRISON SALE LLC
P.O. Box 1499
Fairhope, Alabama 36533

6

(251) 990-0079
cwilliams@hanfirm.com
bsmith@handfirm.com

HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, Alabama 36601
(251) 432-5511
evanhaneghan@handfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, a copy of the foregoing has been served upon counsel for all parties via the Court's electronic filing system and/or by electronic mail, properly addressed, as follows:

John Parker Yates
Kristopher O. Anderson
Robert S. Walker
YATES ANDERSON
4851 Wharf Parkway, Ste D-230
Orange Beach, AL 36561
kris@yatesanderson.com
parker@yatesanderson.com
robert@yatesanderson.com


Grant Blackburn
BLACKBURN & CONNER, P.C.
P.O. Box 458
Bay Minette, AL 36507
gblackburn@blackburnpc.com


J. Thomas Pilcher, IV
Pilcher & Grissom, LLC
201 East Second Street
Bay Minette, AL 36509
jtp@pglawllc.com


*/s/ Christopher S. Williams*